# EXHIBIT 1




OCT - 7 2016

MICHAEL K. JEANES, CLERK
J. CARDENAS
DEPUTY CLERK

1 | **LAYFIELD & BARRETT, APC**
STEVEN WEINBERGER, ESQ. (015349)
2 | s.weinberger@layfieldbarrett.com
JONATHAN J. HENRY, ESQ (027976)
3 | j.henry@layfieldbarrett.com
7135 E. Camelback Rd. Suite 230
4 | Scottsdale, Arizona 85251

5 | **TREON & AGUIRRE, PLLC**
JOHN AGUIRRE (004926)
6 | treon@treonfirm.com
2700 N. Central Ave., Suite 1400
7 | Phoenix, Arizona 55004

8 | Attorneys for Plaintiffs

9 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10 | **IN AND FOR THE COUNTY OF MARICOPA**

11 |

12 | BRIAN KAPLAN, LAUREN KAPLAN-GILBERT, beneficiaries of Decedent MARC
13 | KAPLAN,

Case No.: CV2016-015824

14 | Plaintiffs, | **COMPLAINT**

15 | v.

16 | SANFORD KUTASH, an individual;
SANFORD KUTASH INSURANCE
17 | AGENCY, a foreign company; JOHN
DOES I-X and JANE DOES I-X; ABC
18 | CORPORATIONS I-X and XYZ
PARTNERSHIPS I-X,
19 |
20 | Defendants.

21 |
    Plaintiffs, by and through undersigned counsel, alleges:
22 |
23 |              **JURISDICTION AND VENUE**

24 |     1.     Plaintiff BRIAN KAPLAN is a resident of Maricopa County, Arizona.

25 |     2.     Plaintiff LAUREN KAPLAN-GILBERT is a resident of Maricopa County, Arizona.

26 |     3.     Defendant SANFORD KUTASH is a resident of Cuyahoga County, Ohio and doing
27 | business in the State of Arizona.

28 |



LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415 FACSIMILE: 480-771-3603

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-433-4415 FACSIMILE: 480-771-3603

4.     Defendant SANFORD KUTASH INSURANCE AGENCY is a foreign company, organized and existing in the state of Ohio.

5.     Jurisdiction and Venue are proper because all events giving rise to this claim occurred in Maricopa County, Arizona and all Defendants were conducting business in the State of Arizona.

6.     John Does I-X, Jane Does I-X, ABC Corporations I-X and XYZ Partnerships I-X are corporations, businesses, entities, persons, agents, servants, or employees whose true names are not known to these Plaintiffs at the present time. Plaintiffs are informed and believe and based upon such information and belief, allege that John Does I-X, Jane Does I-X, ABC Corporations I-X and EXY Partnerships I-X are residents of the State of Arizona or are entities that caused an event to occur in the State of Arizona out of which Plaintiffs' claims arise or are doing business in the State of Arizona. When the true names of said persons, agents, servants, employees, corporations, or entities become known to Plaintiffs, they will ask leave of the court to amend the Complaint to reflect such true names together with the appropriate charging instruction allegations. Each of these defendants caused and contributed to Plaintiffs' injuries and damages by negligence or by breach of duties owed to Plaintiffs, or it is responsible as a matter of law for acts of others who caused Plaintiffs injuries and damages by such negligence and breach of duty.

## GENERAL ALLEGATIONS OF FACTS

7.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

8.     Decedent MARC KAPLAN is the nephew of Defendant SANFORD KUTASH.

9.     Approximately 15 years ago Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, sold Decedent MARC KAPLAN two life insurance policies.

10.     The first life insurance policy sold to Decedent MARC KAPLAN by Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY stipulated that the policy

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415  FACSIMILE: 480-771-5603

1   would pay $1 million to Decedent MARC KAPLAN's chosen beneficiaries when he died.

2       11.     The second life insurance policy ("the $5 million policy") sold to Decedent MARC

3   KAPLAN by Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

4   AGENCY, stipulated that the policy would pay $5 million to Decedent MARC KAPLAN's chosen

5   beneficiaries when he died.

6       12.     Decedent MARC KAPLAN relied upon the experience, professional advice,

7   expertise, guidance and express guarantees of Defendants SANFORD KUTASH and SANFORD

8   KUTASH INSURANCE AGENCY when choosing to buy life insurance and what type of policy to

9   purchase. At all times, Decedent MARC KAPLAN relied on Defendants SANFORD KUTASH and

10  SANFORD KUTASH INSURANCE AGENCY to know when to pay the monthly premiums for the

11  policies he was advised to purchase.

12      13.     Decedent MARC KAPLAN's named beneficiaries on the $5 million policy are

13  Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-GILBERT. Marci Kaplan is also a named

14  beneficiary. Plaintiff BRIAN KAPLAN is also a client of Defendants on his own insurance policies.

15      14.     Per the $5 million policy, Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-

16  GILBERT were to each receive forty (40) percent of the insurance benefits upon Decedent MARC

17  KAPLAN's death, with the remainder to Marci Kaplan.

18      15.     At all times relevant herein Decedent MARC KAPLAN has suffered from bi-polar

19  disorder and other various mental disorders and/or disabilities which would cause him to frequently

20  forget to make premium payments on the $5 million policy.

21      16.     At all times relevant herein, Defendants SANFORD KUTASH and SANFORD

22  KUTASH INSURANCE AGENCY, knew of Decedent MARC KAPLAN's mental disorders and/or

23  disabilities at the time Decedent MARC KAPLAN purchased the $5 million policy.

24      17.     Plaintiffs are informed and believe and based thereon allege that whenever Decedent

---

3

COMPLAINT

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-333-8415 FACSIMILE: 480-771-3603

1  MARC KAPLAN failed to make premium payments on either life insurance policy, Defendants

2  SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY would send a letter,

3  email or make a telephone call to Decedent to remind him to pay the premium, or the policy would

4  be cancelled.

5       18.    Additionally, when Decedent MARC KAPLAN failed to make premium payments on

6  either policy, Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

7  AGENCY, had also agreed to notify, and did, in fact, Plaintiff BRIAN KAPLAN and/or Marci

8  Kaplan whenever Decedent MARC KAPLAN had failed to make the monthly payment for the policy

9  premium. Plaintiffs had thereafter made the premium payment on MARC KAPLAN's behalf to

10  maintain the policy.

11       19.    Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

12  AGENCY had previously notified Plaintiff BRIAN KAPLAN and/or Marci Kaplan on several

13  occasions when payments were not received, not only in furtherance of Decedent and Defendants'

14  agreement, but also creating the expectation that the notification would continue whenever the

15  payment was missed.

16       20.    The month prior to Decedent MARC KAPLAN's death, he had failed to make the

17  payment towards the $5 million insurance policy premium.

18       21.    In the month prior to Decedent MARK KAPLAN's death, Defendants SANFORD

19  KUTASH and SANFORD KUTASH INSURANCE AGENCY, failed to notify Plaintiff BRIAN

20  KAPLAN and/or Marci Kaplan of the missed payment, as promised to Decedent as a condition of

21  buying the $5 million policy.

22       22.    Approximately three days prior to Decedent MARC KAPLAN's death, the $5 million

23  policy was cancelled by Genworth Life and Annuity Insurance Company, Inc., Genworth Life

24  Insurance Company, Inc., And Genworth Life Insurance Company Of New York, Inc. Defendants

SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY were, at all times referenced herein, aware of the impending and ultimate cancellation of the $5 million policy.

23. Decedent MARC KAPLAN died on August 22, 2015.

24. Upon the death of Decedent MARC KAPLAN, Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-GILBERT, and Marci Kaplan presented a claim for the $5 million and the $1 million life insurance policy benefits. While the $1 million policy benefits were paid, Genworth Life and Annuity Insurance Company, Inc., Genworth Life Insurance Company, Inc., And Genworth Life Insurance Company Of New York, Inc., have refused to pay the $5 million life insurance benefit to Plaintiffs, and continue to refuse to pay Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-GILBERT, and Marci Kaplan their respective shares of the $5 million insurance policy benefits, claiming the policy had been cancelled due to non-payment of premium. Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY were, at all times referenced herein, aware of the cancellation of the $5 million policy and refusal to pay said policy benefits to Plaintiffs.

## FIRST CAUSE OF ACTION: BREACH OF AGENCY AGREEMENT

### (As to Defendants Sanford Kutash and Sanford Kutash Insurance Agency)

25. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

26. Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY became agents of Decedent MARC KAPLAN when they agreed to advise MARC KAPLAN in his purchase of life insurance.

27. As part of the Principle-Agent relationship, Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY (agents), under the direction of MARC KAPLAN (principle) agreed to inform Plaintiff BRIAN KAPLAN and/or Marci Kaplan when MARC KAPLAN failed to make the monthly premium for the $5 million policy.

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-433-8415 FACSIMILE: 480-771-5603

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415  FACSIMILE: 480-771-3603

28.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, on several occasions fulfilled their principle's instructions and notified Plaintiff BRIAN KAPLAN and Marci Kaplan when a payment was not received.

29.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, on several occasions informed BRIAN KAPLAN and/or Marci Kaplan when Decedent MARC KAPLAN failed to make his monthly premium payment, in accordance with MARC KAPLAN's instructions.

30.     Defendants SANORD KUTASH and SANFORD KUTASH INSURANCE AGENCY breached the agency agreement when they failed to notify Plaintiff BRIAN KAPLAN and/or Marci Kaplan that decedent had failed to make the monthly premium payment for the month prior to August, 2015.

31.     The breach of agency agreement between Defendant-agents SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY and Decedent-principle MARC KAPLAN was the direct and proximate cause of the $5 million policy being cancelled for non-payment of premium.

32.     At all times relevant herein, Plaintiffs BRIAN KAPLAN, LAUREN KAPLAN-GILBERT, and MARCI KAPLAN were the intended Third Party Beneficiaries of the agency agreement.

33.     As a result of the breach of agency agreement, Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-GILBERT, and Marci Kaplan did not receive the insurance policy benefits due upon the death of MARC KAPLAN.


### SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTIES

**(As to Defendants Sanford Kutash and Sanford Kutash Insurance Agency)**

34.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

35.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY were fiduciaries of Decedent MARC KAPLAN due to their relationship of an insurance agent and customer.

36.     Decedent MARC KAPLAN relied upon the experience, professional advice, expertise, guidance and express guarantees of Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY when choosing to buy life insurance and what type of policy to purchase. Decedent MARC KAPLAN continued to rely on Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY to know when to pay the monthly premiums for the policies he was advised and recommended to purchase.

37.     At all times relevant herein, Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, as fiduciaries to Decedent MARC KAPLAN had duties to affirmatively act in certain circumstances, such as the fiduciary duty to monitor the policies of their insured clients for potential lapses in coverage and following up quickly and decisively to prevent them.

38.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY knew Decedent MARC KAPLAN had mental disorders affecting his cognitive abilities to remember certain things such as paying his monthly insurance premiums.

39.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY had notified Plaintiff BRIAN KAPLAN and/or Marci Kaplan on several occasions when payments were not received, not only in furtherance of Decedent and Defendants' agreement, but also creating the expectation that the notification would continue whenever the payment was missed.

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-832-8415  FACSIMILE: 480-771-3603

7

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415 FACSIMILE: 480-771-3603

40.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY breached their fiduciary duty to monitor the policies of their insured clients for potential lapses in coverage and following up quickly and decisively to prevent them when, *inter alia,* they failed to notify Plaintiff BRIAN KAPLAN and/or Marci Kaplan when Decedent MARC KAPLAN failed to make his premium payment the month before August, 2015.

41.     The nonfeasance by Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY in failing to notify Plaintiff BRIAN KAPLAN and/or Marci Kaplan that the final premium payment due before cancellation was not made by MARC KAPLAN was the direct and proximate cause of the $5 million policy being cancelled for non-payment of the premium.

42.     As a result of the Defendants' breach of fiduciary duties, Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-GILBERT, and Marci Kaplan did not receive the insurance policy benefits.

## THIRD CAUSE OF ACTION: VIOLATION OF UNFAIR CLAIM SETTLEMENT PRACTICES

### (As to All Defendants)

43.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

44.     The Arizona Unfair Claim Settlement Practices Act, Arizona Revised Statutes §20-461(A)(1), prohibits an insurance company from "Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."

45.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, through their employees and/or agents, sold a life insurance policy to a person living in the State of Arizona and are therefore subject to the Arizona Unfair Claim Settlement Practices Act.

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415 FACSIMILE: 480-771-3603

46.     In so doing, Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, through their employees and/or agents, have engaged in the use of false promises, misrepresentations and the knowing omission of material facts.

47.     Defendants' conduct in violation of the Arizona Unfair Claim Settlement Practices Act includes, but is not limited to the following unconscionable commercial practices:

    a.  Selling an insurance policy to a person with known memory issues that can only be maintained by remembering to make a monthly premium payment.

    b.  Falsely promising to remind Decedent MARC KAPLAN and/or Plaintiff BRIAN KAPLAN and Marci Kaplan of the monthly obligation of payment to maintain the life insurance policy in the event of a missed payment.

    c.  Misrepresenting the importance of keeping the account current in order to prevent cancellation of the policy.

    d.  Knowing of the agreed upon obligation to inform Decedent MARC KAPLAN and/or Plaintiff BRIAN KAPLAN, and Marci Kaplan upon a missed monthly premium payment and failing to perform their obligations as expressly agreed.

48.     Each false promise, misrepresentation and/or knowing omission of material fact by Defendants constitute a separate violation of the Arizona Unfair Claim Settlement Practices Act.

## FOURTH CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (As to all Defendants)

49. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

50.     Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, owed a duty to Decedent MARC KAPLAN to negotiate terms of their contracts and

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415 FACSIMILE: 480-771-3603

1  agreements in good faith and fair dealing.

2      51.    Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

3  AGENCY, represented to Decedent MARC KAPLAN they would notify Decedent, as well as

4  Plaintiffs BRIAN KAPLAN and/or MARCI KAPLAN when there was a missed monthly premium

5  payment.

6      52.    Part of Decedent MARC KAPLAN's agreement to purchase life insurance policies

7  from Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE AGENCY, was

8  based on the agreement to notify Decedent and Plaintiff BRIAN KAPLAN and/or Marci Kaplan

9  whenever any monthly premium payment was missed.

10     53.    Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

11  AGENCY, failed to fulfill their explicit promise and agreement when they failed to notify Decedent

12  and Plaintiff BRIAN KAPLAN and/or Marci Kaplan regarding the missed monthly premium

13  payment the month before August, 2015.

14     54.    Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

15  AGENCY, misled Decedent into believing if he missed a monthly premium payment, said

16  Defendants would notify Decedent and Plaintiff BRIAN KAPLAN and/or Marci Kaplan in order to

17  avoid cancellation of the $5 million policy.

18     55.    At all times relevant herein Defendants SANFORD KUTASH and SANFORD

19  KUTASH INSURANCE AGENCY, did not intend to notify Decedent, as well as Plaintiff BRIAN

20  KAPLAN and/or Marci Kaplan every time a monthly premium payment was missed by Decedent

21  MARC KAPLAN, in contrast to the explicit agreement they had with Decedent.

22     56.    Since Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

23  AGENCY did not intend to follow through on their promise to notify Decedent, as well as Plaintiff

24  BRIAN KAPLAN and/or Marci Kaplan whenever a payment was missed, Defendants did not

25  negotiate the terms of the life insurance policy with Decedent MARC KAPLAN in good faith and

26  fair dealing.

27     57.    As a result of the Defendants SANFORD KUTASH and SANFORD KUTASH

28

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-4415 FACSIMILE: 480-771-3603

1   INSURANCE AGENCY's breach of the implied covenant of good faith and fair dealing, Plaintiffs

2   BRIAN KAPLAN and LAUREN KAPLAN-GILBERT, and Marci Kaplan did not receive the

3   insurance policy benefits when said $5 million policy was cancelled due to non-payment of

4   premium.

5   **FIFTH CAUSE OF ACTION: VIOLATIONS OF THE ARIZONA CONSUMER FRUAD**

6   **ACT**

7   **(As to all Defendants)**

8   58. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this

9   Complaint as though fully set forth herein.

10   59.   The Arizona Consumer Fraud Act, Arizona Revised Statutes §44-1522(A),

11   prohibits:

12       The act, use or employment by any person of any deception, deceptive or unfair act or
13       practice, fraud, false pretense, false promise, misrepresentation, or concealment,
        suppression or omission of any material fact with intent that others rely on such
14       concealment, suppression or omission, in connection with the sale or advertisement of
        any merchandise whether or not any person has in fact been misled, deceived or
15       damaged thereby, is declared to be an unlawful practice.

16   60.   Defendants SANFORD KUTASH and SANFORD KUTASH INSURANCE

17   AGENCY, through their employees and/or agents, sold a life insurance policy to a person living in

18   the State of Arizona, and are therefore subject to the Arizona Consumer Fraud Act.

19

20   61.   In so doing, Defendants SANFORD KUTASH and SANFORD KUTASH

21   INSURANCE AGENCY's employees and/or agents have engaged in the use of unconscionable

22   commercial practices, false promises, misrepresentations and the knowing omission of material

23   facts.

24   62.   Said Defendants' conduct in violation of the Arizona Consumer Fraud Act includes,

25   but is not limited to the following unconscionable commercial practices:

26       a.   Selling an insurance policy to a person with known memory issues that can only

27           be maintained by remembering to make a monthly premium payment.

28

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-831-8415 FACSIMILE: 480-771-3603

    b.  Falsely promising to remind Decedent MARC KAPLAN and Plaintiff BRIAN KAPLAN and Marci Kaplan of the monthly obligation of payment to maintain the life insurance policy in the event of a missed payment.

    c.  Misrepresenting the importance of keeping the account current in order to prevent cancellation of the policy.

    d.  Knowing of the agreed upon obligation to inform Decedent MARC KAPLAN and Plaintiff BRIAN KAPLAN and Marci Kaplan and failing to perform their obligations as agreed.

63.    Each false promise, misrepresentation and/or knowing omission of material fact by Defendants constitute a separate violation of the Arizona Consumer Fraud Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BRIAN KAPLAN and LAUREN KAPLAN-GILBERT pray for judgment against Defendants, as follows:

1.    Economic damages in the amount of $5 million to compensate Plaintiffs for the cancellation of the $5 million policy;

2.    General damages in an amount to be determined;

3.    Special damages in an amount to be determined;

4.    For attorneys' fees and costs of suit incurred herein

5.    For interest at the maximum legal rate; and

6.    Such other and further relief as the Court deems just and proper.

Dated this 7th day of October, 2016.

**LAYFIELD & BARRETT, APC**
**TREON & AGUIRRE, PLLC**

By: _____
      Steven Weinberger, Esq.
      Jonathan J. Henry, Esq.
      Attorneys for Plaintiffs

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK ROAD, SUITE 230
SCOTTSDALE, AZ 85251
TELEPHONE: 602-833-8415 FACSIMILE: 480-771-3603



# EXHIBIT 2

**LAYFIELD & BARRETT, APC**
STEVEN WEINBERGER, ESQ. (015349)
s.weinberger@layfieldbarrett.com
JONATHAN J. HENRY, ESQ (027976)
j.henry@layfieldbarrett.com
7135 E. Camelback Rd. Suite 230
Scottsdale, Arizona 85251

**TREON & AGUIRRE, PLLC**
JOHN AGUIRRE (004926)
treon@treonfirm.com
2700 N. Central Ave., Suite 1400
Phoenix, Arizona 55004

Attorneys for Plaintiffs

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF

| | |
|---|---|
| BRIAN KAPLAN, LAUREN KAPLAN-GILBERT, beneficiaries of Decedent MARC KAPLAN, | NO.: CV2016-015824 |
| Plaintiff, | **SUMMONS** |
| v. | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| SANFORD KUTASH, an individual; SANFORD KUTASH INSURANCE AGENCY, a foreign company; JOHN DOES I-X and JANE DOES I-X; ABC CORPORATIONS I-X and XYZ PARTNERSHIPS I-X, | |
| Defendant. | |

**THE STATE OF ARIZONA TO:**

**SANFORD KUTASH INSURANCE COMPANY**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK RD. SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-5605; Facsimile: (480) 771-3603

---

1

SUMMONS

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK RD. SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

1   mail, or by publication — you shall appear and defend within thirty (30) days after the service of the

2   Summons and Complaint upon you is complete, exclusive of the day of service. If you have signed

3   a Waiver of Service of Summons, you must appear and defend within sixty (60) days after the Request

4   for Waiver of Service was sent to you. Where process is served upon the Arizona Director of

5   Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer

6   shall not be required to appear, answer or plead until expiration of forty (40) days after date of such

7   service upon the Director. Service by registered or certified mail without the State of Arizona is

8   complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court.

9   Service by publication is complete thirty (30) days after the date of first publication. Direct service

10   is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty

11   (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4, 4.1;**

12   **A.R.S. §§ 20-222, 28-502, 28-503.**

13       **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within

14   the time applicable, judgment by default may be rendered against you for the relief demanded in the

15   Complaint.

16       **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or

17   proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee,

18   within the time required, and you are required to serve a copy of any Answer or response upon the

19   plaintiff's attorney. **RCP 10(d); A.R.S. §12-311; RCP 5.** Requests for reasonable accommodation

20   for persons with disabilities must be made to the division assigned to the case by parties at least three

21   judicial days in advance of a scheduled court proceeding.

22       **YOU ARE FURTHER NOTIFIED** (1) Requests for reasonable accommodation for persons

23   with disabilities must be made to the division assigned to the case by the party needing

24   accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled

25   proceeding. (2) Requests for an interpreter for persons with limited English proficiency must be made

26   to the division assigned to the case by the party needing the interpreter and/or translator or his/her

27   counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

28

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK RD. SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

1    The names and addresses of plaintiff's attorneys are:

2    Steven Weinberger

     Jonathan J. Henry

3    Layfield & Barrett, APC

     7135 E. Camelback Rd. Suite 230

4    Scottsdale, Arizona 85251

5

6    **SIGNED AND SEALED** this date: _____

7

8                CLERK OF THE SUPERIOR COURT

9

10

11   By: _____

12      Deputy Clerk      OCT - 7 2016



13             MICHAEL K. JEANES, CLERK

14               J. CARDENAS

                  DEPUTY CLERK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3





1   **LAYFIELD & BARRETT, APC**
    STEVEN WEINBERGER, ESQ. (015349)
2   s.weinberger@layfieldbarrett.com
    JONATHAN J. HENRY, ESQ (027976)
3   j.henry@layfieldbarrett.com
    7135 E. Camelback Rd. Suite 230
4   Scottsdale, Arizona 85251

5   **TREON & AGUIRRE, PLLC**
    JOHN AGUIRRE (004926)
6   treon@treonfirm.com
    2700 N. Central Ave., Suite 1400
7   Phoenix, Arizona 55004

8   Attorneys for Plaintiffs

9

10              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11                 **IN AND FOR THE COUNTY OF MARICOPA**

12  BRIAN KAPLAN, LAUREN KAPLAN-      NO.: CV2016-015824
    GILBERT, beneficiaries of Decedent MARC
13  KAPLAN,
                                       **CERTIFICATE OF COMPULSORY**
14          Plaintiff,                 **ARBIRATION**

15          v.

16  SANFORD KUTASH, an individual;
    SANFORD KUTASH INSURANCE
17  AGENCY, a foreign company; JOHN
    DOES I-X and JANE DOES I-X; ABC
18  CORPORATIONS I-X and XYZ
    PARTNERSHIPS I-X,
19
20          Defendant.

21
            The undersigned certifies that the largest award sought by the complainant, including punitive
22
    damages, but excluding interest, attorney's fees, and costs does exceed the limits set by Maricopa
23
    County Local Rule 3.10 for compulsory arbitration. This case is **not** subject to the Rules of Civil
24
    Procedure for Arbitration.
25

26

27

28

LAYFIELD & BARRETT, APC
7135 E. CAMELBACK RD SUITE 230, SCOTTSDALE, AZ 85251
Telephone: (480) 771-3605; Facsimile: (480) 771-3603

Dated this 7th day of October, 2016.

**LAYFIELD & BARRETT, APC**

By: _____
Steven Weinberger, Esq.
Michael E. Medina, Jr., Esq.
Jonathan J. Henry, Esq.
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAYFIELD & BARRETT, APC**
7135 E. CAMELBACK RD. SUITE 230, SCOTTSDALE, AZ 85231
Telephone: (480) 771-3605, Facsimile: (480) 771-3603

CERTIFICATE OF COMPULSORY ARBITRATION

# EXHIBIT 4

Sean P. Healy, SB# 018393
Sean.Healy@lewisbrisbois.com
Adam S. Polson, SB# 022649
Adam.Polson@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
Attorneys for Defendants Sanford Kutash and
Sanford Kustash Insurance Agency

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BRIAN KAPLAN, LAUREN KAPLAN-GILBERT, beneficiaries of Decedent MARC KAPLAN, | No. CV2016-15824 |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | **(The Honorable Daniel Kiley)** |
| SANFORD KUTASH, an individual; SANFORD KUTASH INSURANCE AGENCY, a foreign company; JOHN DOES I-X and JANE DOES I-X; ABC CORPORATIONS I-X and XYZ PARTNERSHIPS I-X, | |
| Defendants. | |

Please take notice that, pursuant to 28 U.S.C. § 1446(d), Defendants Sanford Kutash and Sanford Kutash Insurance Agency have filed a Notice of Removal of the above-captioned action in the United States District Court for the District of Arizona. A true and accurate copy of such Notice of Removal is attached. Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), this Notice effects the removal.

/ / /

/ / /

4828-4953-5292.1

1    DATED this 11th day of November, 2016.

2                                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

3

4    By /s/  Adam S. Polson
                    Sean P. Healy
5                    Adam S. Polson
            *Attorneys for Defendants Sanford Kutash and*
6            *Sanford Kustash Insurance Agency*

7    Original of the foregoing e-filed
     this same date to:
8

9    Clerk of the Court
     Maricopa County Superior Court
10

     With a copy electronically lodged with:
11

12   The Honorable Daniel Kiley
     Maricopa County Superior Court
13

     COPIES of the foregoing mailed this same date to:
14

15   Steven Weinberger
     Jonathan J. Henry
16   Layfield & Barrett, APC
     7135 East Camelback Road, Suite 230
17   Scottsdale, Arizona 85251
     *Attorneys for Plaintiff*
18

19   John Aguirre
     Treon & Aguirre, PLLC
20   2700 North Central Avenue, Suite 1400
     Phoenix, Arizona 85004
21   *Attorneys for Plaintiff*

22

      /s/ Rena Crockett
23

24

25

26

27

28